Dear Senator Dirck:
This letter is in response to your request for an opinion of this office asking whether in view of the legislative appropriation history of S.C.S.H.B. 1013, Eighty-Second General Assembly, the Department of Social Services had authority to utilize funds from C.C.S.H.B. 1011 for the purpose of relocation and movement of personnel from the Kansas City State Office Building or for the purpose of renovation of the office building.
It is our understanding that the appropriations to which you refer were in C.C.S.H.B. 1011, summarized in pertinent part as follows:
 Section 11.100. To the Department of Social Services, For the Division of Family Services, for the purpose of funding Administrative Services, Expense and Equipment.
 Section 11.105. To the Department of Social Services, For the Division of Family Services, For the purpose of funding Income Maintenance Administration, Expense and Equipment.
 Section 11.140. To the Department of Social Services, For the Division of Family Services, For the purpose of funding Children's Services Administration, Expense and Equipment.
 Section 11.171. To the Department of Social Services, For the Division of Family Services, For the purpose of funding Field Service Operations, Expense and Equipment.
 Section 11.210. To the Department of Social Services, For the Division of Family Services, For the purpose of funding Services for the Blind Administration, expense and equipment.
We believe that the threshold question is whether the Executive Branch of state government has the power to move personnel from the Kansas City State Office Building, to rent quarters from private interests and to renovate either the Kansas City State Office Building premises or the rented premises to make them suitable for present and future operations. In this respect we note that the Governor's Executive Order 84-10 dated July 24, 1984, found an asbestos hazard to exist in the Kansas City State Office Building and accordingly ordered the Office of Administration to implement a temporary relocation plan for state employees who work in that building, ordered that the directors and employees of the state agencies having personnel located in said building cooperate with the Office of Administration in the implementation of the temporary relocation plan and that the directors of such agencies provide adequate funding for that portion of the temporary relocation plan which affects their respective agency from existing F.Y. 1985 appropriations.
We are of the view that the Governor did in fact have the substantive authority to cause the agencies involved to move from said state office building and to rent space to house such agencies operations and to renovate such space to make it suitable for such agencies operations. The facts that we have at this time are not clear as to the expenditures that may have been made with respect to the renovation of the Kansas City State Office Building.
Your principal question asks whether the appropriations, which we have quoted above, made in C.C.S.H.B. 1011, could be expended for such moving, rent and renovation. In our view the purpose of said appropriations, "expense and equipment", was sufficient to cover such expenditures. You have inquired as to whether the legislative determination in the history of the appropriations measures would be sufficient to limit the purpose of the appropriations as stated in C.C.S.H.B. 1011. If the appropriations language was doubtful or ambiguous, it would be proper for a court to resort to the journals of the legislative assembly to ascertain the intent of the legislature. See ExParte Helton 93 S.W. 913 (St. Louis App. 1906). Further, under Section 490.160 RSMo 1978 the printed journals of the Senate and the House are prima facie evidence to the same extent that duly authenticated copies of the originals would be. Again, however, legislative intent appears to be only relevant when there is a statutory provision which is susceptible of several different constructions. Ex parte Helton at l.c. 915.
It is clear that the Executive Branch of state government does not generally have the authority to change the purpose of an appropriation. State ex. inf. Danforth v. Merrell, 530 S.W.2d 209
(Mo. banc 1975). However, where the purpose of the appropriation is sufficiently broad to cover the expenditures made under the appropriation the rule of Merrell does not apply since there is no change of purpose.
Implicit within the questions you ask is the question of legislative control of expenditures by the appropriation process.
Article IV, Section 23, provides in pertinent part:
 Every appropriation law shall distinctly specify the amount and purpose of the appropriation without reference to any other law to fix the amount or purpose.
Section 21.260 RSMo 1978 provides:
 Appropriations for the operation and maintenance of departments shall be separately itemized; and separate appropriations shall be made for each item of extraordinary operation and maintenance expenditure and for each major capital expenditure. Every appropriation law shall distinctly specify the amount and purpose of the appropriation without reference to any other law to fix the amount of purpose.
Therefore it is clear that the legislature has a constitutional mandate to state the purpose for which appropriations are made. See our Opinion No. 331-1974, copy enclosed. However, this office concluded in Opinion No. 212-1974, copy enclosed, that, even assuming the legislature in a particular appropriation act did intend to set certain personnel positions and salaries, such would constitute general legislation in an appropriation bill and would be prohibited by Article III, Section 23, Missouri Constitution. See also Opinion No. 189-1974, copy enclosed.
We are also enclosing a copy of our Opinion No. 401-1971 which summarizes various instances in which this office expressed the view that certain limitations in appropriation acts constituted prohibited substantive legislation.
In the precise situation you present it seems likely that even an express and clear negative expression of legislative direction in an appropriation measure which is otherwise sufficient to permit such expenditures may be construed as invalid substantive legislation. From the prior opinions of this office which we have enclosed it can further be concluded that a descent into minute detail could be construed as substantive legislation and prohibited as such or, depending upon the circumstances, may constitute a violation of the separation of powers clause in Article II, Section 1, Missouri Constitution.
Clearly, however, the Constitution mandates that the legislature distinctly specify the amount and purpose of the appropriation without reference to any other law. In this respect we again refer you to our Opinion No. 331-1974, copy enclosed, which found a limitation on expenditures based on the language used in the appropriation act.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
Enclosures: Opinion No. 401-1971 Opinion No. 189-1974 Opinion No. 212-1974 Opinion No. 331-1974